UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lilbert Harris Gregory,

               Petitioner,             Case Number: 22-13119
                                       Hon. George Caram Steeh

v.

Matt Macauley,[1]

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lilbert Harris Gregory, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his convictions for armed robbery and carrying a firearm during the commission of a felony.  He raises five claims for relief.  The Court finds that Petitioner's claims do not warrant relief and denies the petition.  The Court denies a certificate of appealability and grants Petitioner leave to appeal *in forma pauperis*.

_____

[1]The proper respondent in a habeas case is the custodian of the facility where the petitioner is incarcerated.  *See* Rule 2(a), Rules Governing Section 2254 Cases.  Thus, the Court substitutes the warden of the facility where Petitioner is incarcerated, Matt Macauley, as the respondent.

## I.     Background

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529, and carrying a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. He filed an appeal by right in the Michigan Court of Appeals.  The Michigan Court of Appeals set forth the following relevant facts:

> Defendant and the victim met in February or March 2018, when defendant came to the victim's door and asked if the victim wanted his sidewalk or driveway shoveled.  The victim paid defendant to shovel snow that winter, but they did not have any other interactions until defendant asked the victim to give him change for a $100 bill. The victim did not realize that the $100 bill was fake until after he already had given defendant change.
>
> The victim did not speak to defendant again until November 2018 when the event at issue in this case occurred.  On that day, defendant rang the victim's doorbell; the victim opened the door, but did not invite defendant inside.  Defendant apologized for the fake $100 bill before entering the victim's house.  The victim took his cell phone out and attempted to dial 911 because defendant came into the home uninvited.  Defendant responded by taking the victim's cell phone and pushing him down onto his back.  The victim then noticed defendant holding a black pistol.  While the victim remained on the floor defendant demanded to know where the victim's wallet was. The victim told him and defendant took $300 or $400 from the victim's wallet, wiped the wallet with his shirt sleeve, and took one of the handsets to the victim's landline telephone.  As defendant left the victim's home, he told the victim not to call the police and threatened that he would return if the victim did call; defendant took the victim's money, cell phone, and handset to the landline with him when he left.

The victim used a different handset to his landline telephone to call his sister-in-law after defendant left with a handset to his landline that defendant had not taken with him.  Later, several police officers arrived at the victim's home. Defendant eventually turned himself in after receiving a call from his attorney that the police were looking for him.

*People v. Gregory*, No. 351777, 2021 WL 3438836, at *1 (Mich. Ct. App. Aug. 5, 2021).

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences.  *Id.* Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Gregory*, 967 N.W.2d 637 (Mich. Jan. 4, 2022).

Gregory then filed this habeas corpus petition.  He raises these claims:

I.  The state court was without jurisdiction to try him when he was not arraigned on the charges against him, and thus Gregory was denied his right to a fair trial guaranteed by the United States Constitution, Amendment VI and XIV.

II. The trial court erred in the sentencing process when the record did not support the scorings of offense variables 3 and 19.

III. The prosecution failed to present sufficient evidence to support his conviction, and thus Gregory was denied a fair trial guaranteed by the United States Constitution, Amendments VI and XIV.

IV. The trial court erred when it failed to instruct the jury on unarmed robbery as a lesser included offense, and thus

Gregory was denied a fair trial guaranteed by the United States Constitution, Amendments VI and XIV.

V. Trial counsel was ineffective for failing to move for a directed verdict, failing to call proposed witnesses, failing to object to the trial court's failure to instruct the jury on the lesser included offense of unarmed robbery, and failing to object to Gregory not being arraigned.

Respondent argues that Petitioner has not fully exhausted claims I and V, that claim IV is procedurally defaulted and/or waived, and that all of Petitioner's claims are meritless.  The Court is not required to address a procedural default issue before deciding against the petitioner on the merits.  *Overton v. Macauley*, 822 F. App'x 341, 345 (6th Cir. 2020) ("Although procedural default often appears as a preliminary question, we may decide the merits first."). Likewise, exhaustion is not a jurisdictional bar to review and where, as here, the claims are meritless, the Court may proceed to the merits.  *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987).  Here, except for Petitioner's fourth claim, rather than conduct a lengthy inquiry into procedural default and exhaustion, judicial economy favors proceeding directly to a discussion of the merits of Petitioner's claims.

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).  A "state court's determination that a claim lacks merit precludes

- 5 -

federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  This presumption is rebutted only with clear and convincing evidence.  *Id.*  Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Petitioner's Motions (ECF Nos. 10-13)

Petitioner has filed a motion for evidentiary hearing.  (ECF No. 11).  Title 28 U.S.C. § 2254 limits the facts that a federal court may consider on

habeas review. When the state court decides a claim on its merits, the federal habeas court "is limited to the record that was before the state court that adjudicated the claim on the merits" because the federal habeas scheme was designed to leave "primary responsibility with the state courts." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). "[R]eview under § 2254(d)(1) focuses on what a state court knew and did." *Id.* The Michigan Court of Appeals issued a decision on the merits of Petitioner's claims. This Court therefore may not allow an evidentiary hearing to supplement the existing state court record and the motion will be denied. *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). Further, to the extent that the petitioner seeks discovery to bolster any unexhausted claims, the request is denied. *See Calderon v. U.S. Dist. Court for the E. Dist. of Cal.* (*Sacramento*), 113 F.3d 149, 149 (9th Cir.1997) (holding that discovery concerning unexhausted claims was inappropriate).

Next, Petitioner has filed a motion for release on personal recognizance or with electronic tether until the Court issues a decision on his habeas petition. (ECF No. 10.) The Court issues a decision today; therefore, the motion is denied as moot.

Also before the Court are Petitioner's supplemental pleadings on motion (ECF No. 13) and motion to expedite review (ECF No. 12). Both

pleadings simply ask the Court to adjudicate pending motions.  The Court does so herein.  The motions are denied as moot.

## IV.    Discussion

### A.

In his first claim, Petitioner argues that the trial court lacked jurisdiction to try him because he was not arraigned on the charges and therefore did not have notice of the charges against him.

First, the state court made a factual finding that Petitioner was arraigned "because the lower court record includes a transcript of defendant's arraignment and a written order showing that defendant was arraigned."  *Gregory*, 2021 WL 3438836 at *4.  Petitioner fails to show that the state court's decision was an unreasonable determination of the facts.

Even if Petitioner was never arraigned, his claim lacks merit.  A defendant has a constitutional right to fair notice of the charges against him, meaning notice that is sufficient to allow for the preparation of a defense. *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006). "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."  *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). The notice requirement can be satisfied by means other than an arraignment, such as a preliminary examination.  *See Stevenson v. Scutt*,

- 8 -

531 F. App'x 576, 580 (6th Cir. 2013) (noting that victim's testimony from the preliminary examination provided petitioner with notice of the time frame of the assaults).  The victim's testimony from the preliminary examination clearly put Petitioner on notice as to the nature of charges against him.

Relief is denied on this claim.

**B.**

In his second claim, Petitioner challenges the scoring of offense variables.  He argues that the trial court improperly scored 5 points for offense variable (OV) 3 and 15 points for OV 19.

A challenge to a state court's interpretation and application of Michigan's sentencing guidelines is a state law issue not cognizable on federal habeas corpus review.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). And "'federal habeas corpus relief does not lie for errors of state law.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  Thus, Plaintiff's claim that the trial court incorrectly applied state sentencing guidelines is not cognizable on federal habeas review.

To the extent that Petitioner also alleges that the trial court relied on inaccurate information in scoring these offense variables, this claim is meritless.  A sentence may violate federal due process if it is based on

materially false information that the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information).  To prevail on such a claim, a petitioner must show (i) that the information before the sentencing court was materially false, and (ii) that the court relied on the false information in imposing the sentence.  *United States v. Tucker*, 404 U.S. 443, 447 (1972).

OV 3 is scored at 5 points when the victim suffered "bodily injury not requiring medical treatment."  Mich. Comp. Laws § 777.33.  The Michigan Court of Appeals held that the scoring of OV 3 was justified by the victim's testimony that Petitioner pushed him to the ground causing bruising and soreness.  *Gregory*, 2021 WL 3438836 at *2.  OV 19 is scored at 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services."  Mich. Comp. Laws § 777.49.  The court of appeals held that the scoring of OV 19 was justified based on this evidence:

> [A]ccording to the victim's testimony, defendant grabbed the
> victim's cell phone as he attempted to call 911 and did not

return it.  After the victim fell, defendant pointed a pistol at him and demanded to know where the victim's wallet was. Defendant also took one of the handsets for the victim's landline from the home.  Before defendant left the home, he said "don't call the police or I'll be back," which the victim apparently took to heart, in that he did not call the police, but instead called his sister-in-law, who in turn called the police. Additionally, the victim reiterated, in his victim impact statement, that "he was in fear as the defendant had a gun."

Defendant asserts that the trial court improperly scored OV 19 at 15 points because the evidence showed that defendant only "grabbed" the victim's phone, arguing that "grab" describes speedy rather than forceful motion, and emphasizing that the victim ultimately elected to not call emergency services after the incident even though he had access to a telephone. But defendant's focus on the meaning of the word "grab" overlooks that the event the victim described was nevertheless an exertion of strength or forceful energy by which he took the victim's cell phone while the victim attempted to call 911.[ ]

Defendant's other actions also support the trial court's assessment of points for OV 19. Defendant used force against the victim's property when he left the victim's home with the victim's cell phone and one of the victim's landline handsets. Before doing so, defendant told the victim, while holding a pistol, to not call the police or he would return. The victim explained in his victim impact statement that "he was in fear as the defendant had a gun." Thus, the record clearly establishes that defendant used actual and threatened force to prevent the victim from calling emergency services to report defendant's actions. Furthermore, defendant's observation that the victim elected to not call emergency services after defendant left merely confirms the effectiveness of defendant's threat. Thus, the trial court did not err when it assessed OV 19 at 15 points.

*Gregory*, 2021 WL 3438836 at *2-3 (footnote omitted).

The record supports the court of appeals' recitation of the facts supporting the trial court's scoring of the offense variables. Petitioner disputes the trial court's interpretation and resolution of the information before it but offers no evidence that the information relied upon was false. Therefore, Petitioner fails to establish that the state court's decision denying this claim is contrary to, or an unreasonable application of, Supreme Court precedent. Nor has Petitioner shown the Michigan Court of Appeals' decision was based upon an unreasonable determination of the facts. Habeas relief is denied.

### C.

In his third claim, Petitioner argues that the prosecution presented insufficient evidence to prove his guilt beyond a reasonable doubt.

The Michigan Court of Appeals denied this claim on direct review:

"The elements of armed robbery are: (1) an assault and (2) a felonious taking of property from the victim's presence or person (3) while the defendant is armed with a weapon." *People v Smith*, 478 Mich 292, 319; 733 N.W.2d 351 (2007). "The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 N.W.2d 864 (1999).

During trial, the victim testified that defendant entered the victim's home and pushed the victim to the ground. Defendant then asked the victim where the victim's wallet was while pointing a pistol at him; the victim complied and defendant took $300 or $400 from the victim's wallet. Further, defendant

admitted during his trial testimony that he removed $260 from the victim's wallet.  We conclude that this evidence was sufficient to persuade a rational trier of fact beyond a reasonable doubt that defendant's conduct satisfied the elements of armed robbery and felony-firearm.

Defendant also protests that the victim's testimony was inconsistent and impeached by defense counsel. Defendant thus asks that this Court ... substitute its assessment of the victim's credibility for that of the jury.  But "it is the role of the jury, not this Court, to determine the weight of the evidence or the credibility of witnesses." *People v Eisen*, 296 Mich App 326, 331; 820 N.W.2d 229 (2012) (quotation marks and citation omitted).  Additionally, as explained earlier, when reviewing a conviction for the sufficiency of the evidence, we are required to make credibility choices in support of the jury verdict. *Oros*, 502 Mich at 239.  Thus, defendant's arguments regarding the victim's credibility are unavailing.

*Gregory*, 2021 WL 3438836, at *5-6.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge focuses on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

- 13 -

Sufficiency-of-the-evidence claims, in light of both *Jackson* and

AEDPA, face a high bar in habeas proceedings because they are subject to

two layers of deference:

> First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial.  A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.  And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was objectively unreasonable.
>
> *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S. Ct. 2060, 182 L.Ed.2d 978 (2012) (per curiam) (citations and internal quotation marks omitted).

*Tackett v. Trierweiler*, 956 F.3d 358, 367 (6th Cir. 2020)

Petitioner has not shown that the Michigan Court of Appeals' decision

denying relief on this claim was contrary to, or unreasonably applied,

clearly established federal law.  It is for the factfinder to weigh the

evidence, assess the witnesses' testimony, and resolve any conflicts in the

testimony or issues of witness credibility. *Jackson*, 443 U.S. at 319.  The

factfinder, not a federal court on habeas review, has the responsibility "to

draw reasonable inferences from basic facts to ultimate facts." *Id.*  For all

the reasons listed by the Michigan Court of Appeals, there was ample

evidence to establish Petitioner's guilt beyond a reasonable doubt.  Habeas relief is denied on this claim.

### D.

Next, Petitioner maintains that the trial court erred when it did not include a jury instruction for unarmed robbery as a lesser included offense of armed robbery.  Respondent argues that this claim is waived.  The Court holds the claim is waived and, alternatively, meritless.

The Michigan Court of Appeals held that Petitioner waived review of his instructional error claim because defense counsel affirmatively approved of the trial court's instructions.  *Gregory,* 2021 WL 3438836 at *4. A waiver ordinarily is "an intentional relinquishment or abandonment of a known right or privilege," and a determination of whether there has been an intelligent waiver "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938).  When a defendant intentionally relinquishes and affirmatively waives a right, a claim based on that right is waived and the Court need not review it. *See United States v. Montgomery,* 998 F.3d 693, 697 (6th Cir. 2021); *see also Tackett v. Trierweiler,* 956 F.3d 358, 371 (6th Cir. 2020) (concluding that, because the habeas petitioner affirmatively approved the

jury instructions at trial, he waived habeas review of his claim about the instructions).

Defense counsel expressly approved the jury instructions, waiving his right to appellate review of the instructions.  (ECF No. 8-13, PageID.788). The Michigan Court of Appeals reasonably rejected Petitioner's claim as waived, so the Court need not address the claim on the merits. *Montgomery,* 998 F.3d at 697-98.

Even if the claim was not waived, habeas relief would not be warranted.  The Constitution generally does not require instructions on lesser-included offenses in non-capital cases.  *See Campbell v. Coyle,* 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders,* 894 F.2d 792, 795-96 (6th Cir. 1990) (en banc)).  Petitioner advances no reason why he should qualify for an exception to this rule and the Court sees none. Therefore, the failure to provide a jury instruction in this case did not deprive Petitioner of any constitutional right.

Moreover, defense counsel clearly opted to request a larceny in a building instruction instead of the unarmed robbery instruction requested by the prosecutor.  Ultimately, the trial court decided to instruct the jury on the lesser included offense of larceny from a person.  *Gregory,* 2021 3438836 at *4, n.3.  The fact that defense counsel's strategy was ultimately

unsuccessful does not mean that counsel was ineffective. *Moss v. Hofbauer,* 286 F.3d 851,859 (6th Cir. 2002).

### E.

In his fifth claim, Petitioner maintains that he received ineffective assistance of trial counsel. Specifically, he argues that counsel was ineffective for failing to move for a directed verdict and failing to call two proposed witnesses.

On habeas corpus review, to prevail on an ineffective assistance of counsel claim, Petitioner must show that the state court's denial of his claim was contrary to, or an unreasonable application of, *Strickland v Washington*, 466 U.S. 668 (1984). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: a habeas petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *See id.* at 687.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (*quoting Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so."

*Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Petitioner claims that counsel was ineffective for failing to move for a directed verdict. The Michigan Court of Appeals denied this claim because counsel in fact moved for a directed verdict. *Gregory*, 2021 WL 3438836 at *7. The record clearly supports this conclusion. This claim is denied.

Second, Petitioner argues that defense counsel was ineffective for failing to call proposed witnesses. The Michigan Court of Appeals denied this claim:

> According to defendant's Standard 4 Brief, defendant wanted to call witnesses who, he asserts, would have testified that defendant never possessed a firearm and that the victim had a "secret life" which included procuring "call girls" for defendant. The trial court record does not contain any information regarding defendant's proposed witnesses, nor has defendant provided affidavits from his proposed witnesses as an offer of proof. Without any record establishing that defendant's trial counsel was informed about these witnesses, or any offer of proof regarding the testimony these witnesses would have provided, defendant has not established the factual predicate for his ineffective assistance of counsel claim. ... He similarly fails to overcome the presumption that defense counsel's decision to not call certain witnesses was sound trial strategy...
>
> Furthermore, it is not clear how the testimony defendant outlines in his Standard 4 brief would have been beneficial to him. Defendant contends that further testimony that he never

possessed a firearm would have been helpful to his defense. We agree that this testimony may have been helpful because it could have supported defendant's testimony that he was not armed during the robbery.  But defendant's proposed witness was not present when the robbery occurred and the jury was already presented with testimony from defendant and the victim regarding whether defendant had a gun during the robbery. Because defendant's proposed witness was not present for the robbery, his testimony about defendant never carrying a firearm had limited probative value.  The jury could have easily believed both that witness and the victim, and nevertheless have reached the conclusion that even though defendant did not previously have a firearm he did have one during the robbery.  Thus, in light of the limited probative value of this proposed witness's testimony defendant was not prejudiced by its omission.

Similarly, it is unclear how defendant's offer of testimony regarding how he procured "call girls" for the victim would have been helpful to his defense.  The jury might have drawn unfavorable inferences against defendant as well as the victim based on these purported acts. And defendant provided less salacious trial testimony regarding his friendship with the victim that served the purpose of rebutting the victim's testimony that he knew defendant only in "a snow shoveling capacity."  Thus, defendant has failed to show that his trial counsel was ineffective for failing to call witnesses to testify as defendant now suggests.

*Gregory*, 2021 WL 3438836, at *7-8.

The state court's conclusion was not contrary to, or an unreasonable application of, *Strickland.*  A conclusory or speculative argument that counsel should have done more with no supporting evidence or offer of proof is insufficient to warrant habeas relief.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 335-36 (6th Cir. 2010) ("[C]onclusory and perfunctory ... claims of

[ineffective assistance of counsel] are insufficient to overcome the presumption of reasonable professional assistance and are insufficient to warrant habeas relief.").  Although Petitioner identifies a couple of witnesses he contends should have been called, he has failed to offer affidavits sworn by the proposed witnesses.  Petitioner has offered no evidence beyond his own assertions to show that the witnesses would have been willing to testify or what the content of these witnesses' testimony would have been.  In the absence of such proof, Petitioner is unable to establish that his attorney was deficient or that he was prejudiced by counsel's failure to call these witnesses.  Moreover, even if these witnesses would have testified as Petitioner claims, the state court's decision that Petitioner was not prejudiced by their omission is not contrary to, or an unreasonable application of, *Strickland*.

### V.    Certificate of Appealability

To appeal the Court's decision, Petitioner must obtain a certificate of appealability.  To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).  A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A federal district court must grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

The Court concludes that reasonable jurists would not debate whether the claims should have been resolved in a different manner. Thus, the Court will deny a certificate of appealability.

## VI.  Conclusion

For the reasons discussed, the Court DENIES the petition for writ of habeas corpus and DENIES a certificate of appealability.

The Court also DENIES Petitioner's Motions (ECF Nos. 10, 11, 12, 13).

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

SO ORDERED.          s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

DATED:  February 6, 2025

- 21 -

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on February 6, 2025, by electronic and/or ordinary mail
and also on Lilbert Harris Gregory #212885,
Bellamy Creek Correctional Facility,
1727 West Bluewater Highway, Ionia, MI 48846.


s/LaShawn Saulsberry
Deputy Clerk